EMR/MEF:ANR/LAB/LB
F. #2020R00753

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* JULY 15, 2025 *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOEL DAVID FORNEY,
also known as "Sirbar,"

Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

SUPERSEDING INDICTMENT

Cr. No. 24-146 (S-1) (KAM)
(T. 18, U.S.C., §§ 1591(a)(1), 1591(a)(2), 1591(b)(1), 1594(d), 2421(a), 2422(a), 2422(b), 2428(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking – Jane Doe #1)

1. In or about and between April 2016 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe #1 to engage in one or more commercial sex acts,

which offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT TWO
(Mann Act Transportation – Jane Doe #1)

2. In or about and between April 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did knowingly and intentionally transport an individual, to wit: Jane Doe #1, in interstate commerce, with intent that such individual engage in prostitution.

(Title 18, United States Code, Sections 2421(a), 2 and 3551 et seq.)

COUNT THREE
(Mann Act Interstate Prostitution – Jane Doe #1)

3. In or about and between April 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

COUNT FOUR
(Sex Trafficking – Jane Doe #2)

4. In or about and between May 2017 and September 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did

knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT FIVE
(Mann Act Coercion and Enticement – Jane Doe #3)

5. In or about and between June 2014 and December 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," using one or more facilities and means of interstate and foreign commerce, to wit: the Internet and mobile Internet applications, including Google Hangouts, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: a violation of New York Penal Law Section 130.25(2) (rape in the third degree).

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND FOUR

6. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of: (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO, THREE AND FIVE

8. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two, Three and Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of: (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

A TRUE BILL

s/
FOREPERSON

by David Pitluck, Asst. U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK