

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

:ANR/LAB/LB  
F. #2020R00753

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

August 9, 2025

<u>By ECF and E-Mail</u>

The Honorable Kiyo A. Matsumoto  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    <u>United States v. Joel Forney</u>  
               <u>Criminal Docket No. 24-146 (S-1) (KAM)</u>

Dear Judge Matsumoto:

      The government respectfully requests the Court provide the following jury instruction after defining "coercion" as it relates to 18 U.S.C. § 1591.

> *In considering whether a person's commercial sex acts were caused by force, threats of force, fraud, coercion, or any combination of such means, it is not a defense that the person may have initially consented or acquiesced or previously engaged in commercial sex acts. The question is whether the Defendant used force, threats of force, fraud, or coercion, or any combination of those means, to cause the person to perform or to continue to perform commercial sex acts.*

      The government is not aware of Second Circuit cases in which the court has provided this instruction. However, multiple district courts have instructed the jury that agreeing to engage in prostitution for the accused is not a defense to sex trafficking. <u>See</u> Eleventh Circuit Pattern Jury Instructions, Criminal Cases, No. 62 (2016) ("It makes no difference that the person initially voluntarily agreed to perform the work or service. And it doesn't matter whether the person did the work willingly at all times. If a person begins work willingly and later wants to stop but is forced to continue because another person uses or threatens to use some kind of coercion or restraint or cause[s] physical injury, the service becomes involuntary."); <u>see also</u>, J. Inst. p. 23, <u>United States v. Gibbs</u>, 1:23-cr-00035 (D. Delaware filed May 13, 2025) ECF No. 243; J. Inst. p. 18, <u>United States v. Session</u>, 2:22-cr-14074 (S.D. Fla Filed Sept. 19, 2024) ECF No. 190; J. Instr. p. 11, *United States v. Mitchell*, 2:21-cr-00344 (M.D. Ala. Filed June 17, 2022) ECF No. 236; J.

Instr. p. 18, *United States v. Armstead*, No. 1:19-cr-00369 (D.D.C. filed March 6, 2020) ECF No. 92; J. Instr. p. 30, *United States v. Folks*, 2:16-cr-00094 (D. Vt. Filed Apr. 14, 2018) ECF No. 464.

        Additionally, multiple courts have upheld sex trafficking or forced labor convictions[1] when the victim initially consent to provide services for the defendant. See United States v. Marcus, 628 F.3d 36 (2d Cir. 2010) (holding the mere fact that defendant's interaction with the woman whom he forced, through threats and torture, to work may have begun as consensual did not remove defendant's conduct from the scope of the forced labor statute); United States v. Rivera, 799 F.3d 180, 185 (2d Cir. 2015) (affirming district court's decision to exclude evidence of victims' past sexual activity because "knowing that suggestive behavior or even sexual acts might become a part of the job does not mean that the victims therefore consented to being threatened or coerced into performing sexual acts they did not wish to perform."); United States v. Bell, 761 F.3d 900, 913 (8th Cir. 2014) (finding sufficient evidence of force, fraud, or coercion were the defendant compelled commercial sex acts on the part of the victims, all but one of whom engaged in commercial sex before and after their interaction with the defendant, through the use of threats to their families); United States v. Townsend, 521 F. App'x 904, 906 (11th Cir. 2013) (affirming conviction because although the victim testified that she voluntarily engaged in sex work, she remained with the defendant out of fear after he beat and raped her); United States v. Dann, 652 F.3d 1160, 1164 (9th Cir. 2011) (affirming forced labor convictions even though the victim had initially agreed to illegally enter the United States and work for defendants); United States v. Mussry, 726 F.2d 1448, 1454 n. 6 (9th Cir. 1984) ("Even though a person may come to a job voluntarily, subsequent coerced service constitutes involuntary servitude."); United States v. Bibbs, 564 F.2d 1165, 1165 (5th Cir. 1977) (affirming conviction where the victims initially agreed to work for the defendants); United States v. Nichols, No. 25 15 CR 756-1, 2019 WL 398775, at *11-12 (N.D. Ill. Jan. 31, 2019) (finding defendant guilty of sex trafficking because although victims had initially voluntarily agreed to let him be their pimp, he later coerced them with physical beatings, confiscation of earnings, and monitoring of their behavior such that he compelled them to continue).

Based on the above caselaw, the government respectfully the Court include the above jury instruction when defining "coercion."

---

[1] Like the sex trafficking statute, the forced labor provision requires the government to prove the defendant obtained the victim's labor through force, threats of force or serious harm, the abuse or the threatened abuse of law or legal process, or a scheme, plan, or pattern intended to cause the victim to believe they would suffer serious harm if they did not perform the labor or services. See 18 U.S.C. § 1589 (a)(1)-(4). Therefore, case law regarding coercion as it relates to forced labor is applicable to the element of force, fraud, or coercion as used in the sex trafficking statute.

        Respectfully submitted,

        JOSEPH NOCELLA, JR.
        United States Attorney

By:    _____/s/_____
        Antoinette N. Rangel
        Lauren A. Bowman
        Assistant U.S. Attorney
        (718) 254-7000

        _____/s/_____
        Leah Branch
        Human Trafficking Prosecution Unit
        U.S. Department of Justice

cc:    Clerk of the Court (by ECF)
       Counsel of Record (by ECF)