**Court Ex. 5**
**Jury Instructions**

United States District Court
Eastern District of New York

-----------------------------------X

United States of America,

- against -

Joel David Forney,
also known as "SirBar,"

Defendant.

-----------------------------------X

No. 24-cr-146 (S-1) (KAM)

# Jury Instructions

**Table of Contents**

INTRODUCTION .......... 5

I. GENERAL RULES OF LAW .......... 6

1. Role of the Court .......... 6
2. Role of the Jury .......... 6
3. Reasonable Doubt, Basing Verdict on Evidence .......... 8
4. Equality of the Parties Before the Court .......... 9
5. Presumption of Innocence and Burden of Proof .......... 10
6. Venue .......... 11
7. Types of Evidence .......... 12
   A. What Is Evidence .......... 12
   B. What Is Not Evidence .......... 13
   C. Direct and Circumstantial Evidence .......... 15
8. Use of Recordings and Transcripts .......... 17
9. Use of Charts and Summaries .......... 18
10. Permissible Inferences Drawn from the Evidence .......... 19
11. Credibility of Witnesses .......... 20
12. Interested Witnesses .......... 21
13. Uncalled Witnesses Equally Available .......... 22
14. Testimony of Anonymous Witnesses .......... 22
15. Defendant’s Election to Testify .......... 23
16. Testimony of Law Enforcement Witnesses .......... 23
17. Witness Interviews .......... 24
18. No Duty to Call All Witnesses, Produce All Evidence, or Use Particular Investigative Techniques .......... 24
19. Evidence Lawfully Obtained .......... 25

20. Redacted Exhibits Appropriate ..................... 25

21. Evidence of Other Conduct .......................... 26

22. Impeachment by Prior Inconsistent Statement ....... 27

II. THE CHARGES............................................. 28

1. Knowledge and Intent ............................... 28

2. The Indictment ..................................... 29

3. Approximate Dates .................................. 31

4. Aiding and Abetting Liability ...................... 32

A. Aiding and Abetting Liability under 18 U.S.C § 2(a) ...................................................... 32

B. Aiding and Abetting Liability under 18 U.S.C. § 2(b) ............................................ 35

5. COUNT ONE: SEX TRAFFICKING OF JONNICA C. .......... 36

A. First Element: Recruiting, Enticing Harboring, Transporting, Providing, Obtaining, Maintaining, OR Benefitting from Participating in a Venture ..... 37

B. Second Element: Force, Threats of Force, Fraud or Coercion .......................................... 40

C. Third Element: Commercial Sex Act ............... 43

D. Fourth Element: Affecting Interstate Commerce ... 43

E. Aiding and Abetting Liability .................. 44

6. COUNT TWO: MANN ACT TRANSPORTATION OF JONNICA C... 44

A. First Element: Transportation in Interstate Commerce .......................................... 45

B. Second Element: Intent ......................... 46

C. Aiding and Abetting Liability .................. 47

D. Trips Charged in Count Two ..................... 47

7. COUNT THREE: MANN ACT INTERSTATE PROSTITUTION OF

JONNICA C. .......................................... 49

A. First Element: Knowingly persuading, inducing, enticing, or coercing to travel in interstate commerce. ........................................ 50

B. Second Element: Travel in Interstate Commerce ... 50

C. Third Element: Intent to Engage in Prostitution . 50

D. Aiding and Abetting Liability .................. 51

E. Trips Charged in Count Three .................... 51

8. COUNT FOUR: SEX TRAFFICKING OF SHYYA H. ........... 52

9. COUNT FIVE: MANN ACT COERCION AND ENTICEMENT OF MELLISA N. ......................................... 53

A. First Element: Use of the Internet .............. 55

B. Second Element: Persuading, Inducing, Enticing, or Coercing to Engage in Sexual Activity ........... 55

C. Third Element: Illegal Sexual Activity .......... 56

D. Fourth Element: Age of Victim .................. 57

III. CLOSING INSTRUCTIONS ................................ 58

1. Selection of a Foreperson ........................ 58

2. Duty to Deliberate; Do Not Consider Possible Punishment ........................................ 58

3. Unanimous Verdict Required ....................... 60

4. Communications with the Court ................... 60

5. Right to See Exhibits and Have Testimony Read During Deliberations .................................... 61

6. Return of the Verdict ............................ 61

7. Conclusion ....................................... 62

## INTRODUCTION

Members of the jury, I told you at the start of trial that your primary duty during trial would be to pay attention to the evidence, listen carefully, and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty, and I thank you for your attentiveness and service.

You are about to begin your final duty, which is to decide the facts in this case. Now that you have heard all the evidence and each party's closing argument, it is my duty to instruct you on the applicable law. I ask that you pay close attention. I will be as clear as possible.

My instructions will be in three parts:

First, I will state some general rules about your role and the way in which you are to review the evidence in this case.

Second, I will instruct you on the particular crimes charged and the elements that the government must prove beyond a reasonable doubt with respect to each.

Third, I will give you some general rules regarding your deliberations.

Do not single out any one instruction I give you as alone stating the law. Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

# I. GENERAL RULES OF LAW

## 1. Role of the Court

As I just mentioned, my duty at this point is to instruct you on the law. It is your duty to accept those instructions of law and apply them to the facts as you determine them just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On each of these legal matters you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base a verdict upon any view of the law other than the one that I will give you. I remind you that you may only consider the evidence admitted at this trial and may not use any other information obtained outside the courtroom, including, but not limited to, what you may have heard or learned through training, experience, the media, or otherwise.

## 2. Role of the Jury

As jurors, you are the sole and exclusive judges of the facts. Your role is to pass upon the weight of the evidence, determine the credibility of witnesses, resolve any conflicts in the

witnesses' testimony, and draw whatever reasonable inferences you decide to draw from the facts as you find them.

In determining the facts, you must rely on your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken in substitution for your own independent recollection. What I say is not evidence.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the government has proven its case. I also ask that you draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. I've done so with the intent only for clarification or to expedite matters, and certainly my questions were not intended to suggest any opinion on my part as to the verdict that you should render or whether any of the witnesses may have been more credible than other witnesses. You are expressly to understand that the court has no opinion as to any of the issues in this case or as to what verdict you should reach in this case.

I know that you will try the issues that have been presented to you according to the oath that each of you took at the beginning of this case, in which you promised that you would well and truly try this case, the issues joined in this case and render a true verdict. If you follow that oath and try the issues without fear, favor, bias, prejudice, or sympathy, you will arrive at a true and just verdict.

**3. Reasonable Doubt, Basing Verdict on Evidence**

What is a reasonable doubt? It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence or lack of evidence. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a caprice or a whim. It is not a speculation or suspicion. It is not an excuse to avoid performing an unpleasant duty. And it is not sympathy.

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case. The crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely

on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

The law does not require that the government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict. If after fair and impartial consideration of all the evidence or lack of evidence concerning a particular charge against the defendant, you have a reasonable doubt, it is your duty to acquit the defendant of that charge. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied that the government has proven the defendant's guilt beyond a reasonable doubt, you should vote to convict him on that charge.

**4. Equality of the Parties Before the Court**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**5. Presumption of Innocence and Burden of Proof**

The defendant is before you today because he has been charged by indictment with violations of federal law. The indictment is an accusation and nothing more. It is not evidence. The defendant has pleaded not guilty to the indictment. The defendant is therefore presumed to be innocent of the charges against him, and that presumption of innocence alone, unless overcome, is sufficient to acquit him.

To convict a defendant, the burden is on the prosecution or the government to prove the defendant's guilt of each element of every charge beyond a reasonable doubt. This burden of proof will never shift to the defendant for the simple reason that the law presumes that a defendant is innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant does have the right to do so, however. In other words, a defendant is never required to prove that he is innocent because his innocence is presumed.

Again, I remind you, the defendant starts with a clean slate and is presumed innocent of each charge unless and until such time, if ever, that you as a jury unanimously find that the government has proven that the defendant is guilty of a given charge beyond a reasonable doubt.

**6. Venue**

Venue refers to the location of a charged crime. The indictment alleges that the crimes charged occurred in part in this judicial district, the Eastern District of New York. The Eastern District of New York encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island. To establish that venue for a charged crime is appropriate in this district, the government must prove that some act in furtherance of the crime occurred here. This means that with respect to each of the crimes charged, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district, even if other acts were committed outside the district or if the crime was completed elsewhere.

Let me further instruct you that although the government's burden as to everything else in this case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be proved by the lesser standard of preponderance of the evidence. To prove something by a preponderance of the

evidence simply means to prove that a fact is more likely true than not true. That means that venue as to each of the charged crimes in this district is proper if you find it more likely than not that some act in furtherance of the particular crime charged occurred in this district based on all of the evidence presented, direct and circumstantial. Again, this lesser burden of proof applies only to venue. The government's burden of proof on all other parts of this case is to prove guilt beyond a reasonable doubt.

In determining whether some act in furtherance of the charged crime you are considering occurred in the Eastern District of New York in regard to each of the offenses, you may consider several things, such as (1) physical presence, (2) electronic communications, (3) phone calls, and (4) text messages.

Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of all counts beyond a reasonable doubt.

## 7. Types of Evidence

I will now remind and instruct you as to what is evidence and how you should consider it.

### A. What Is Evidence

First, what is evidence? It comes to you in several forms:

1. Sworn testimony of witnesses, on both direct examination and cross-examination;

2. Exhibits, whether documents, photos, video surveillance tapes, or recordings that have been received by the court in evidence;

3. Certain exhibits admitted in evidence in the form of charts, summaries, and demonstratives may be considered for the purposes for which they have been offered; and

4. Stipulations of fact to which the parties have agreed. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Here, the parties entered into stipulations concerning certain exhibits and facts that are relevant to this case. You must accept those stipulations as evidence, and regard those facts as proven; however, you are to determine what weight to give that evidence.

If evidence was received for a limited purpose, you must consider that evidence only for that limited purpose.

**B. What Is Not Evidence**

Certain things are not evidence, and you must disregard them in deciding what the facts are:

1. The indictment is not evidence. It is merely the statement of charges against the defendant and is not entitled to any weight in your evaluation of the facts.

2. Arguments or statements by the attorneys are not evidence.

3. Counsel's questions in and of themselves are not evidence. Only the answer in the context of the question is evidence. And that also goes for any questions by the court or comments by the court.

4. Objections to the questions or to offered exhibits are not evidence. Attorneys have a duty to object when they believe evidence should not be received. You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, ignore the question. If the objection was overruled, treat the answer just as you would any other answer.

5. Any testimony or statements stricken by the court are not evidence.

6. Any exhibits identified but not admitted into evidence by the court are not evidence.

7. Obviously, anything you may have seen or heard outside the courtroom is not evidence.

8. In reaching your verdict, it is improper for you to consider any personal feelings you might have about a defendant's or a witness's race, religion, national origin, ethnic background, sex, or age.

9. In addition, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

Your verdict must be based exclusively on the evidence or the lack of evidence in this case. Here, again, let me remind you that whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must be unanimously satisfied of the guilt of the defendant beyond a reasonable doubt as to a particular Count before you may convict him of that Count.

**C. Direct and Circumstantial Evidence**

As I have just instructed you, evidence comes in various forms, such as sworn testimony of witnesses and exhibits. There are, in addition, different types of evidence that you may consider: both direct and circumstantial.

1. **Direct Evidence:** Direct evidence is physical evidence or testimony about a fact by an eyewitness or a participant who testifies to knowing that fact through one of the five senses.
2. **Circumstantial Evidence:** Circumstantial evidence is proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. That is all there is to circumstantial evidence. Based on the facts you find have been proven, you may draw reasonable inferences or conclusions as seem justified in light of your experience and common sense.

   To give a simple example, suppose that when you came

into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, several people walked in with dripping wet umbrellas and dripping wet raincoats. Because you cannot look outside of the courtroom and cannot see whether or not it is raining, you have no direct evidence that it is raining. But, on the combination of the facts about the dripping wet umbrellas and raincoats, it would be reasonable for you to infer that it had begun to rain. That is all there is to circumstantial evidence.

Using your reason and experience, you infer, from facts you find are established, the existence or the nonexistence of some other fact. Whether a given inference should be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

The law makes no distinction between direct evidence and circumstantial evidence, and you may consider both. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

**8. Use of Recordings and Transcripts**

Audio recordings of Mr. Forney have been admitted into evidence. While the recordings were played, you were shown transcripts of the recordings. The transcripts of the recordings have been offered as aids and contain the government's interpretation of what appears on the audio recordings that have been received as evidence. However, they are not in and of themselves evidence. You alone should decide what appears on the recordings based on what you heard. If you think you heard something differently than it appeared on the transcript, then what you heard is controlling. Let me say again, you, the jury, are the sole judges of the facts.

Whether you approve or disapprove of the recordings may not enter your deliberations. I instruct you that these recordings were made and retrieved in a lawful manner, that no one's rights were violated, that the government's use of this evidence is entirely lawful, and that it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved beyond a reasonable doubt the guilt of the defendant. Of course, it is for you to decide what weight, if any, to give to this evidence.

If you wish to hear any of the recordings again, or see any of the transcripts of those recordings, they will be made available to you during your deliberations.

**9. Use of Charts and Summaries**

During the course of trial there were charts and summaries shown to you in order to make the underlying, supporting evidence more meaningful and to aid you in considering that evidence. These charts, maps, and/or summaries were introduced as compilations of evidence. They are not direct evidence. They are summaries of the evidence. They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you. They are not in and of themselves evidence. They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are. To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them.

## 10. Permissible Inferences Drawn from the Evidence

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct

or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt as to the specific count before you may convict the defendant of that count.

**11. Credibility of Witnesses**

As judges of the facts, you are the sole judges of the credibility or believability of the witnesses and the weight that their testimony deserves. You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief.

Your decision whether to believe a witness may depend on how that witness impressed you. For example, how did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem evasive or suspect? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in the testimony given or were there contradictions? Did the witness appear to know what she or he was talking about? Did the witness strike you as someone trying to report their knowledge accurately? These are examples of the kinds of commonsense questions you should ask yourselves in deciding whether a witness was truthful.

How much you choose to believe a witness may also be

influenced by the witness's bias. Does the witness have a relationship with the government or the defendant that may affect how the witness testified? Does the witness have some incentive, loyalty, or motive that might cause the witness to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a complete and accurate account of the facts about which the witness testified?

You should consider whether a witness had an opportunity to observe the facts they testified about. Also, you should consider whether the witness's recollection of the facts holds up in light of all the other evidence in the case.

In other words, what you must try to do in deciding a witness's credibility is to size up the person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

**12. Interested Witnesses**

You should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

**13. Uncalled Witnesses Equally Available**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys may have referred to their absence from the trial. You should not draw any inferences, speculate or reach any conclusions as to what a witness would have testified to had the witness been called. Their absence should not affect your judgment in any way.

I remind you, however, that because the law presumes the defendant to be innocent, the burden of proving the defendant's guilt beyond a reasonable doubt is on the government throughout the trial. Although I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses, the defendant never has the burden of proving his innocence or of presenting any evidence or calling any witnesses at all.

**14. Testimony of Anonymous Witnesses**

The Court has determined that certain witnesses can testify and be identified in open court by first name and last initial only. The full names of these witnesses are known to the Court and the parties. Allowing a witness to testify by first name and

last initial is simply intended to protect that witness's privacy. You should not make any inferences as to the defendant's guilt or non-guilt from the fact that certain last names are being withheld from the public.

**15. Defendant's Election to Testify**

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the Constitution protects a defendant's right to remain silent, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, Mr. Forney did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

**16. Testimony of Law Enforcement Witnesses**

During the trial, you have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of any more or any less consideration or greater or lesser weight than that of any ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of law enforcement witnesses on the grounds that his or her testimony may be colored by a personal

or professional interest in the outcome of the case.

It is your decision, after reviewing the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find that it deserves.

**17. Witness Interviews**

Next, there was testimony at trial that law enforcement officers and attorneys interviewed witnesses when preparing for trial. You should not draw any unfavorable inference from that testimony. To the contrary, the attorneys have an obligation to prepare their case as thoroughly as possible, and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

**18. No Duty to Call All Witnesses, Produce All Evidence, or Use Particular Investigative Techniques**

There is no duty to call all witnesses, to produce all evidence, or to use a particular investigative technique. Although the government bears the burden of proof, and although a reasonable doubt can arise from the lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative technique or pursue every investigative lead to prove its case. Therefore, although you are carefully to consider the evidence presented by the government during this trial, you are not to speculate as to why the government used the

investigative techniques that it did or why the government did not use other techniques.

In this regard, the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial. I reiterate, however, that the government does bear the burden of proof, and you may consider both the evidence and lack of evidence when deciding whether the government met that burden.

**19. Evidence Lawfully Obtained**

During this trial, you have heard evidence about a variety of investigative techniques and methods of collecting evidence, including evidence recovered during arrests of various individuals and searches of vehicles, cell phones and premises. I instruct you that any evidence that was presented to you was lawfully obtained, and you can consider it. The methods used to collect evidence or to investigate should not enter into your deliberations in any respect. I instruct you that the government's use of the evidence at trial is entirely lawful.

**20. Redacted Exhibits Appropriate**

Some of the exhibits in evidence are redacted. "Redacted" means that part of the document was taken out. You are to concern

yourself only with the part of the exhibit that has been admitted into evidence. You should not consider or speculate why the other part of it has been deleted or what was deleted.

**21. Evidence of Other Conduct**

You have heard evidence that the defendant engaged in conduct other than the crimes charged in the indictment. The defendant is not on trial for committing any acts not charged in the indictment. Consequently, you may not consider evidence of those other acts as a substitute for proof that the defendant committed the crimes charged. Nor may you consider evidence of these other acts as proof that the defendant has a criminal propensity, that is, that he likely committed the crimes charged in the indictment because he was predisposed to criminal conduct.

Instead, you may consider evidence of uncharged conduct by the defendants for limited purposes, and you may consider it only for those limited purposes, which I will now describe. You may only consider evidence of uncharged conduct:

1. As evidence of the defendant's motive in carrying out the charged crimes.

2. As evidence of the defendant's knowledge and intent in carrying out the charged crimes.

3. As evidence of the development of relationships of trust between the defendant and others.

4. As evidence enabling you to understand the complete story of the charged crimes.

5. As evidence of conduct that is inextricably tied with the charged crimes.

6. As evidence corroborating the testimony of other government witnesses.

Evidence of uncharged conduct by the defendant may not be considered by you for any purpose other than the ones I have just listed.

**22. Impeachment by Prior Inconsistent Statement**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on any defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with their trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important

fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

## II. THE CHARGES

I will now instruct you as to the specific legal elements of the crimes charged in the indictment.

### 1. Knowledge and Intent

As I instruct you on the charges in the indictment, you will hear the words "knowledge" and "intent," so my instructions will start there. Because each count in the indictment implicates the concepts of knowledge and intent, I will instruct you at the outset about these principles.

As a general rule, the law holds persons accountable only for conduct they intentionally engage in. Thus, before you can find a defendant guilty, you must be satisfied that the defendant was acting knowingly and intentionally.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven

by his words and conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or an accident.

To act "knowingly" or "intentionally," the person need not be aware of the specific law or rule that his conduct may violate, but he must act with the specific intent to do whatever it is the law forbids.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that is rarely proven directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the state of mind of the defendant. Indeed, in your everyday affairs you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

**2. The Indictment**

In order to place my instructions in context, I will start by giving you a summary of the crimes charged in the superseding indictment. The defendant is formally charged in a superseding indictment, which is not evidence. As I instructed you at the

beginning of this case, an indictment is a charge or accusation. The superseding indictment in this case contains five separate counts, which I will summarize for you. After summarizing the charges, I will instruct you in the details as to the law that you will apply to each charge in the superseding indictment. You will be called upon to render a separate verdict on each count. And finally, I will give you further rules with respect to your deliberations.

First, the summary of the superseding indictment. **Count One** charges Mr. Forney with sex trafficking Jonnica C. between April 2016 and February 2017. **Count Two** charges Mr. Forney with knowingly and intentionally transporting Jonnica C. in interstate commerce with the intent that she engage in prostitution between April 2016 and July 2016. **Count Three** charges Mr. Forney with knowingly and intentionally persuading, inducing, enticing, and coercing Jonnica C. to travel in interstate commerce to engage in prostitution between April 2016 and July 2016. **Count Four** charges Mr. Forney with sex trafficking Shyya H. between May 2017 and September 2017. **Count Five** charges Mr. Forney with using the internet and mobile internet applications, including Google Hangouts, to knowingly and intentionally persuade, induce, entice, and coerce Mellisa N. to engage in sexual activity for which a person can be charged with a criminal offense, between June 2014 and December 2014.

I have summarized the counts in the superseding indictment simply to give you an overview of the charges. You will not be furnished with a copy of the superseding indictment and I reiterate that the superseding indictment is only an accusation. The superseding indictment is not evidence.

In your deliberations as to each count, you must, as a matter of law, consider each count of the indictment separately, and you must return a separate verdict on each of the counts with which Mr. Forney is charged. Your verdict as to each count must be unanimous. Whether you find the defendant guilty or not guilty as to one count must not affect your verdict as to the other charged counts.

Some counts of the indictment accuse the defendant of violating the same statute in more than one way. The indictment may allege that the defendant violated the statute by various acts which are joined in the indictment by the word "and," while the statute and the elements of the offense are stated using the word "or." In these instances, it is enough for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.

**3. Approximate Dates**

Before I explain the law that applies to each count of the indictment, I should draw your attention to the fact that the indictment charges that the offenses alleged in Counts One through

Five occurred "in or about," "on or about," and "between" certain dates. The evidence need not establish with certainty the exact date of the alleged offenses. The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.

**4. Aiding and Abetting Liability**

Before turning to the specific offenses charged, I will also inform you of the principles of aiding and abetting liability under federal law.

Aiding and abetting is defined in federal law in Title 18, United States Code, Sections 2(a) and 2(b), which provide in pertinent part the following:

> (a) Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal; and
>
> (b) Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

**A. Aiding and Abetting Liability under 18 U.S.C § 2(a)**

As I have just stated, Title 18, United States Code, Section 2(a) provides that "whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal." Under this statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he

is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense or willfully causes another person to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense or willfully caused that person to commit the offense.

As you can see, under the aiding and abetting statute, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly and willfully associated himself in some way with the crime, and that he participated in the crime by doing some act to help make the crime succeed. To establish that the defendant knowingly associated himself with the crime you are considering, the government must establish that the defendant knew that the crime was being committed.

To establish that the defendant participated as an aider and abettor in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

(1) Did he participate in the crime charged as something he wished to bring about?

(2) Did he knowingly associate himself with the criminal venture?

(3) Did he seek by his actions to make the criminal venture succeed?

If your answers to all three questions is "yes," then the

defendant is an aider and abettor. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor.

**B. Aiding and Abetting Liability under 18 U.S.C. § 2(b)**

Alternatively, as I stated, Title 18 of the United States Code Section 2(b) of the aiding and abetting statute reads as follows: "Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal."

What does the term "willfully caused" mean? It does not mean that the defendant himself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

(1) Did the defendant intend that the crime charged be committed?

(2) Did the defendant intentionally cause another person to commit the crime charged?

If you are unanimously persuaded beyond a reasonable doubt that the answer to both these questions is "yes," then the defendant is an aider and abettor just as if he himself had actually committed the crime charged. If, on the other hand, your answer to any one of these questions is "no," then the defendant

is not an aider and abettor.

**5. COUNT ONE: SEX TRAFFICKING OF JONNICA C.**

**Count One** of the Indictment charges the defendant with sex trafficking as to Jonnica C. **Count One** states:

> In or about and between April 2016 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jonnica C., an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jonnica C. to engage in one or more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means.

I instruct you that Section 1591 of Title 18 of the United States Code states in pertinent part:

> Whoever knowingly – in or affecting interstate . . . commerce . . . recruits, entices, harbors, transports, provides, obtains, . . . [or] maintains . . . by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act [just] described . . . knowing, . . . or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act, . . .

shall be punished[.]

18 U.S. § 1591.

In order to find the defendant guilty of the crime charged in **Count One**, the government must prove the following four elements beyond a reasonable doubt:

**First**, (a) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means; **OR** (b) the defendant knowingly benefitted, financially or by receiving something of value, from participating in a venture that recruited, enticed, transported, provided, obtained, or maintained a person;

**Second**, the defendant knew, or acted in reckless disregard of the fact, that force, threats of force, fraud or coercion would be used with respect to such person;

**Third**, that the defendant knew or acted in reckless disregard of the fact that means of force, threats of force, fraud or coercion, or any combination, would be used to cause such person to engage in a commercial sex act; and

**Fourth**, that the defendant's conduct was in or affecting interstate commerce.

I will now further define these elements.

**A. First Element: Recruiting, Enticing Harboring, Transporting, Providing, Obtaining, Maintaining, OR Benefitting from Participating in a Venture**

The **first** element that the government must prove is that the

defendant knowingly transported, recruited, enticed, harbored, provided, obtained, or maintained a person, **or** that the defendant knowingly benefitted financially or by receiving anything of value from participating in a venture which has engaged in any act just described.

The statute sets forth two different ways that the government can prove this element. The **first** way is by proving that the defendant himself engaged in at least one of the listed prohibited trafficking activities (e.g., recruited, enticed, harbored, transported, provided, obtained, or maintained and the **second** is by proving that the defendant took part in a venture that engaged in at least one of those trafficking activities, and that the defendant benefitted financially or by receiving anything of value from that venture.

The **first** way the government may satisfy the first element is by proving that the defendant himself knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person. In considering whether the defendant did any of these acts in the statute, I instruct you to use the ordinary, everyday definitions of these terms. To "recruit" means to employ or find a person to join. To "entice" means to attract, tempt, or persuade a person by offering something. To "harbor" a person means to provide shelter for that person. To "transport" a person means to move from a person one place to another. To "provide" a person

means to make someone available for use. To "obtain" a person refers to acquiring, controlling or possessing that person, even if only for a short period of time. To "maintain" a person means to upkeep someone, or to put care or work into them.

I will now explain the **second**, alternative way to satisfy the first element. To satisfy this element the second way, the government need not prove that the defendant engaged in the trafficking activities of recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining a person. The government need only prove that the defendant participated in a venture that engaged in one of these activities, and that the defendant benefitted financially or by receiving anything of value from that venture. In considering whether the defendant participated in such a venture, I instruct you that a venture is defined as "any group of two or more individuals associated in fact, whether or not as a legal entity." So, if two or more people associated with one another, you may find that those people formed a venture.

You may find that the defendant participated in the venture if the defendant in any way took part in that venture. The defendant may be, but need not be, one of the people who formed that venture. Likewise, the defendant need not be an organizer or a main participant in the venture, and need not have participated throughout the length of the venture. It is enough if the defendant

took some part in or played some role in the venture for any period of time, while the venture was still ongoing. It is sufficient if the defendant played any role in the venture, even if that role was minor, and even if that role was not related to the actual recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining of persons for commercial sex acts that the venture engaged in.

The statute also requires the government to prove that the defendant acted knowingly. So, the government must prove that the defendant acted knowingly in either engaging in the trafficking activity or joining in a venture that engaged in a trafficking activity. I have already instructed you regarding what it means to act knowingly. You should apply that instruction here.

**B. Second Element: Force, Threats of Force, Fraud or Coercion**

The government may prove the second element of sex trafficking in either one of two ways: It may prove beyond a reasonable doubt that either the defendant knew or the defendant acted in reckless disregard of the fact that force, threats of force, fraud, or coercion, or any combination, would be used with respect to the victim.

The term "force" means any form of power, violence, or physical pressure directed against another person.

"Fraud," as I just used that term, means that the defendant

knowingly made a misstatement, misrepresentation, or omission of a material fact to entice the victim. A material fact is one that a reasonable person would expect to rely on when making a decision.

A "threat" is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. A statement is a threat if it was made under such circumstances that a reasonable person hearing the statement would understand it as a serious expression of intent to cause harm. The term "serious harm" includes both physical and non-physical types of harm, including psychological, financial, or reputational harm that is sufficient under all of the surrounding circumstances to compel a reasonable person in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid such harm. To determine whether the defendant made a threat of serious harm, you should consider the victim's station in life, physical and mental condition, age, education level, experiences and intelligence. A threat of serious harm is one that would overcome the will of an ordinary person in the same situation as that of the victim. This threat of serious harm causes a person to reasonably believe that there is no real choice except to engage in such sexual acts as directed by the defendant.

"Coercion" means (a) a threat of serious harm or physical restraint against a person; or (b) any scheme, plan or pattern

intended to cause a person to believe that failure to perform an act would result in serious harm to, or physical restraint against, a person. "Coercion" can also mean that the defendant's course of action or behavior was intended to cause the victim to believe that if they did not engage in such sexual acts, any person would suffer serious physical harm or physical restraint.

Even if a person initially agrees to engage in prostitution for the defendant, they may subsequently be coerced in violation of the second element of sex trafficking under Title 18, United States Code, Section 1591 if you find that the defendant used force, threats of force, fraud, or coercion to cause them to continue engaging in prostitution.

Whether or not the defendant had the required knowledge is a question of fact to be determined by you on the basis of all the evidence. As I instructed you earlier, an act is done knowingly only if it is done purposely and deliberately, and not because of accident, mistake, negligence, or other innocent reason. If you find that the evidence establishes, beyond a reasonable doubt, that the defendant actually knew that fraud, force, threats of force, or coercion would be used, then this element is satisfied. Even if the evidence does not establish the defendant's actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that the defendant acted with reckless disregard of the facts concerning

the use of coercion. The phrase "reckless disregard of the facts" means the defendant's deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the victim was coerced to engage in a commercial sex act.

### C. Third Element: Commercial Sex Act

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that the victim would be engaged in a commercial sex act. A commercial sex act is any sex act on account of which anything of value is given to or received by any person. It is not required that the victim actually performed a commercial sex act as long as the government has proved that the defendant recruited, enticed, harbored, transported, provided, obtained, or maintained the victim for purposes of engaging in commercial sex acts. A thing "of value" need not involve a monetary exchange and need not have any financial component. The phrase "any sex act" should be given its plain meaning and may include any act performed with another for sexual gratification.

### D. Fourth Element: Affecting Interstate Commerce

Lastly, the fourth element that the government must prove beyond a reasonable doubt is that the conduct of the defendant was in or affecting interstate commerce. Interstate commerce simply means the movement of money, goods, services, and individuals

between any two or more states.

To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way. You do not have to find that the defendant's conduct actually affected interstate commerce if you find that the defendant's conduct would have affected interstate commerce if the defendant had successfully and fully completed his actions. I instruct you that as a matter of law, if the defendant used a cellphone or the internet in furtherance of sex trafficking as defined above, that would satisfy this element. The government does not have to show that the defendant actually knew his actions affected or would affect interstate commerce.

### E. Aiding and Abetting Liability

In **Count One**, the defendant is also charged under Section 2 of Title 18 of the United States Code, also known as the aiding and abetting statute. I have already instructed you on liability as an aider and abettor. You should apply those instructions here.

## 6. COUNT TWO: MANN ACT TRANSPORTATION OF JONNICA C.

**Count Two** of the Superseding Indictment charges the Defendant with knowingly and intentionally transporting Jonnica C. in interstate commerce with the intent that she engages in prostitution in violation of Section 2421 of Title 18 of the United States Code, also known as the "Mann Act." That section, in pertinent part, provides:

> Whoever knowingly transports any individual in interstate . . . commerce . . . with [the] intent that such individual engage in prostitution . . . shall be [guilty of a crime].
>
> 18 U.S.C. § 2421(a).

**Count Two** reads as follows:

> In or about and between April 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did knowingly and intentionally transport an individual, to wit: Jonnica C., in interstate commerce, with intent that such individual engage in prostitution.

To prove that the Defendant committed the crime charged in **Count Two**, the government must prove the following two elements beyond a reasonable doubt:

**First**, that the defendant knowingly transported, or caused the transportation of, Jonnica C. in interstate commerce as alleged in the Superseding Indictment; and

**Second**, the defendant transported Jonnica C. with the intent that she would engage in prostitution.

**A. First Element: Transportation in Interstate Commerce**

The **first element** that the government must prove beyond reasonable doubt is that the Defendant knowingly and intentionally transported, or caused the transportation of, Jonnica C. in interstate commerce, as alleged in the Superseding Indictment. This means that the government must prove that the defendant knew both (i) that he was transporting, or causing the transportation

of, Jonnica C. and (ii) that he was transporting Jonnica C., or causing the transportation of Jonnica C., in interstate commerce. I have already instructed you as to what it means to act "knowingly and intentionally" and you should apply those instructions here.

I instruct you that if you unanimously find that the defendant knowingly and intentionally transported or caused the transportation of Jonnica C. in interstate commerce with the intent that she engage in prostitution, whether or not Jonnica C. consented to travel in interstate commerce for the purpose of prostitution is irrelevant.

"Interstate commerce" means movement between one state and another. The government does not have to prove that the defendant personally transported Jonnica C. across a state line. It is sufficient to satisfy this element that defendant was actively engaged in or caused the making of the travel arrangements, such as by purchasing, or causing the purchase of, the ticket necessary for the individual to travel as planned.

**B. Second Element: Intent**

The **second element** that the government must prove beyond a reasonable doubt is that defendant transported, or caused the transportation of, Jonnica C. with the intent that she would engage in prostitution. I have already instructed you as to what it means to act "intentionally" or "with intent" and you should apply those instructions here. Direct proof of a person's intent is almost

never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

In order to establish this element, it is not necessary for the government to prove that engaging in prostitution was the sole purpose for crossing the state line. A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey. The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel across a state line was that Jonnica C. would engage in prostitution. In other words, that prostitution must not have been merely incidental to the trip.

**C. Aiding and Abetting Liability**

In **Count Two**, the defendant is also charged under Section 2 of Title 18 of the United States Code, also known as the aiding and abetting statute. I have already instructed you on liability as an aider and abettor. You should apply those instructions here.

**D. Trips Charged in Count Two**

You have heard evidence about multiple interstate trips

pertaining to Jonnica C. during the time period charged in **Count Two**, April 2016 to July 2016, including: (1) a trip from Wisconsin to New York; and (2) a trip from New York to Connecticut. I instruct you that you must unanimously decide whether the government has proved beyond a reasonable doubt the first and second elements of the offense charged in **Count Two** separately as to each of these trips. A special verdict form will be provided to you to ensure you are unanimous in your verdict as to each of these trips.

If you unanimously find that the government has proven beyond a reasonable doubt the first and second elements of the offense charged in **Count Two** as to the transportation of Jonnica C. from Wisconsin to New York, you may indicate as such by answering "yes" on the special verdict form and returning a guilty verdict. If you unanimously find that the government has proven beyond a reasonable doubt the first and second elements of the offense charged in **Count Two** as to the transportation of Jonnica C. from New York to Connecticut, you may indicate as such by answering "yes" on the special verdict form and returning a guilty verdict.

Conversely, if you unanimously find that the government has not proven beyond a reasonable doubt the first and second elements of the offense charged in **Count Two** as to the transportation of Jonnica C. from Wisconsin to New York and New York to Connecticut you may indicate as such by answering "no" to both questions on

the special verdict form and returning a verdict of not guilty.

**7. COUNT THREE: MANN ACT INTERSTATE PROSTITUTION OF JONNICA C.**

**Count Three** of the Superseding Indictment charges the Defendant with Mann Act Interstate Prostitution of Jonnica C. in or about and between April 2016 and July 2016. **Count Three** States:

> In or about and between April 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jonnica C., to travel in interstate commerce to engage in prostitution.

The relevant statute of Title 18, United States Code, Section 2422 provides, in pertinent part:

> Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution, . . . . shall be [guilty of a crime].
>
> 18 U.S.C. § 2422(a).

To prove that the defendant committed the crime charged in **Count Three**, the government must prove the following three elements beyond a reasonable doubt:

**First**, that the defendant knowingly persuaded, induced, enticed, or coerced Jonnica C. to travel in interstate commerce;

**Second**, that Jonnica C. traveled in interstate commerce; and

**Third**, that the defendant acted with the intent that Jonnica C. would engage in prostitution.

### A. First Element: Knowingly persuading, inducing, enticing, or coercing to travel in interstate commerce.

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded, induced, enticed, or coerced Jonnica C. to travel in interstate commerce. I instruct you that if you unanimously find that the defendant knowingly persuaded, induced, enticed, or coerced Jonnica C. to travel, whether or not Jonnica C. consented to travel in interstate commerce is irrelevant.

I have already instructed you as to the term "knowingly" and you should apply those instructions here. In considering whether the defendant did any of these acts in the statute, I instruct you to use the ordinary, everyday definitions of the terms "persuade," "induce," "entice," and "coerce."

### B. Second Element: Travel in Interstate Commerce

The second element that the government must prove beyond a reasonable doubt is that Jonnica C. traveled in interstate commerce as alleged in the indictment. I have already instructed you as to the meaning of interstate commerce and you should apply those instructions here.

### C. Third Element: Intent to Engage in Prostitution

The third element that the government must prove beyond a reasonable doubt is that the defendant acted with the intent that Jonnica C. would engage in prostitution. I have already instructed

you as to what it means to act "intentionally" or "with intent" and you should apply those instructions here. Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

### D. Aiding and Abetting Liability

In **Count Three**, the defendant is also charged under Section 2 of Title 18 of the United States Code, also known as the aiding and abetting statute. I have already instructed you on liability as an aider and abettor. You should apply those instructions here.

### E. Trips Charged in Count Three

You have heard evidence about multiple interstate trips pertaining to Jonnica C. during the time period charged in **Count Three**, April 2016 to July 2016, including: (1) a trip from Wisconsin to New York; and (2) a trip from New York to Connecticut. I instruct you that you must unanimously decide whether the government has proved beyond a reasonable doubt the first, second, and third elements of the offense charged in **Count Three** separately

as to each of these trips. A special verdict form will be provided to you to ensure you are unanimous in your verdict as to each of these trips.

If you unanimously find that the government has proven beyond a reasonable doubt the first, second, and third elements of the offense charged in **Count Three** as to the travel of Jonnica C. from Wisconsin to New York, you may indicate as such by answering "yes" on the special verdict form and returning a guilty verdict. If you unanimously find that the government has proven beyond a reasonable doubt the first, second, and third elements of the offense charged in **Count Three** as to the travel of Jonnica C. from New York to Connecticut, you may indicate as such by answering "yes" on the special verdict form and returning a guilty verdict.

Conversely, if you unanimously find that the government has not proven beyond a reasonable doubt the first, second, and third elements of the offense charged in **Count Three** as to the travel of Jonnica C. from Wisconsin to New York and New York to Connecticut, you may indicate as such by answering "no" to both questions on the special verdict form and returning a verdict of not guilty.

**8. COUNT FOUR: SEX TRAFFICKING OF SHYYA H.**

**Count Four** of the Superseding Indictment charges the Defendant with Sex Trafficking in our about and between May 2017 and September 2017. **Count Four** states:

In or about and between May 2017 and September 2017,

> both dates being approximate and inclusive, within the Eastern district of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Shyya H., an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Shyya H. to engage in one or more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means.

I have already instructed you on the elements of Sex Trafficking and on the definitions of force, threats of force, fraud, and coercion. I have also instructed you on the meaning of interstate commerce and what it means to act "knowingly and intentionally." You should apply those instructions here.

**9. COUNT FIVE: MANN ACT COERCION AND ENTICEMENT OF MELLISA N.**

**Count Five** of the Superseding Indictment charges the defendant with using a facility of interstate commerce to persuade, induce, entice, or coerce Mellisa N. to engage in illegal sexual activity.

**Count Five** reads as follows:

> In or about and between June 2014 and December 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOEL DAVID FORNEY, also known as "Sirbar," using one or more facilities and means of interstate

> and foreign commerce, to wit: the Internet and mobile Internet applications, including Google Hangouts, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, to wit: Mellisa N., an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: a violation of New York Penal Law Section 130.25(2) (rape in the third degree).

The indictment charges the defendant with violating Section 2422(b) of Title 18 of the United States Code, which provides in relevant part:

> Whoever, using . . . any facility or means of interstate . . . commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense . . . shall be [guilty of a crime].
>
> 18 U.S.C. § 2422(b).

To prove that the defendant committed the crime charged in **Count Five**, the government must prove the following four elements beyond a reasonable doubt:

**First**, that the defendant used a facility of interstate commerce;

**Second**, that the defendant knowingly persuaded, induced, enticed, or coerced Mellisa N. to engage in sexual activity;

**Third**, that this sexual activity would violate New York criminal law; and

**Fourth**, that Mellisa N. was less than eighteen years old at

the time of the acts alleged in the indictment.

I will now further define these elements.

**A. First Element: Use of the Internet**

The **first element** that the government must prove beyond a reasonable doubt is that the defendant used a facility of interstate commerce. Transmission of communications by means of the telephone or internet constitutes the use of a facility of interstate commerce regardless of whether the communication actually crossed a state line. However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of the telephone or Internet.

**B. Second Element: Persuading, Inducing, Enticing, or Coercing to Engage in Sexual Activity**

The **second element** that the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded, induced, enticed, or coerced Mellisa N. to engage in sexual activity. The words persuade, induce, entice, or coerce should be given their ordinary meanings, and do not require that the defendant overcame the will of the victim. I have already instructed you on the term "knowingly" and you should apply those instructions here.

In order to establish this element, it is not necessary for the government to prove that the sexual activity was the defendant's sole purpose for using a facility of interstate

commerce to communicate with Mellisa N. A person may have several different purposes or motives for such conduct, and each may prompt in varying degree the person's actions. The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of using a facility of interstate commerce to communicate with Mellisa N. was that he would engage in illegal sexual activity. In other words, the illegal sexual activity must not have been merely incidental to the use of the interstate facility.

**C. Third Element: Illegal Sexual Activity**

The **third element** that the government must prove beyond a reasonable doubt is that the sexual activity would violate New York criminal law.

**Count Five** of the Superseding Indictment alleges that the defendant persuaded, induced, enticed, or coerced Mellisa N. to engage in sexual activity in violation of New York Penal Law Section 130.25(2), specifically rape in the third degree.

I instruct you that, as a matter of law, the third-degree rape sexual act provisions I have listed and will instruct you on now were violations of New York Penal Law at the time the conduct alleged in **Count Five** of the Superseding Indictment took place, that is, in or about and between June 2014 and December 2014.

Under New York law, a person is guilty of Rape in the Third Degree, when being twenty-one years old or more, they engage in

sexual intercourse with another person less than seventeen years old. Under New York law, it is not a defense that the defendant did not know the age of the person or believed the person to be greater than seventeen years old.

Under New York law, "sexual intercourse" means any penetration, however slight, of the penis into the vaginal opening. In other words, any penetration of the penis into the vaginal opening, regardless of the distance of penetration, constitutes an act of sexual intercourse. Sexual intercourse does not require erection of the penis, emission, or orgasm.

Under New York law, a person is deemed incapable of consenting to sexual intercourse when he or she is less than seventeen years old. Thus, New York law deems sexual intercourse with someone less than seventeen years old to be without consent, even if in fact that person did not object to sexual intercourse.

**D. Fourth Element: Age of Victim**

The fourth element that the government must prove beyond a reasonable doubt is that Mellisa N. was less than seventeen years old at the time of the sexual activity alleged in **Count Five** of the Superseding Indictment, as provided by New York Penal Law.

The government does not need to prove that the defendant knew that Mellisa N. was less than seventeen years old at the time of the acts alleged in the Superseding Indictment. It is not a defense that the defendant did not know that the person with whom

the defendant had sexual intercourse was less than seventeen years old, or that the defendant believed that such a person was seventeen years old or more on the date of the crime.

## III. CLOSING INSTRUCTIONS

### 1. Selection of a Foreperson

When you retire to the jury room, you will choose one member of your jury as your foreperson. That person will preside over the deliberations and speak for you here in open court. So that that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote and views are not entitled to any greater weight than that of any other juror. That person is simply a kind of organizer, a communications conduit between the jury and the court.

### 2. Duty to Deliberate; Do Not Consider Possible Punishment

Now, all of you have a duty to deliberate. Your function, to reach a fair conclusion from the law and the evidence, is an important one. When you retire to the jury room, you may finally discuss this case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view of reaching agreement on a unanimous verdict, if you can do so without violating your individual judgment and conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for

yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and evidence before you with candor and frankness, and with a proper deference to and regard for the opinions of one another. Do not hesitate to change your opinions if you become convinced that they were wrong.

I instruct you that the question of possible punishment of the defendant is of no concern to the jury and should not, in any way, enter into or influence your deliberations. Your sole role is to decide whether the government has proven beyond a reasonable doubt, the charges in this case. The duty of imposing sentence rests exclusively with the court. Your function is to weigh in the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if you find him guilty, to influence your verdict in any way, or in any sense enter into your deliberations.

In addition, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use an electronic device or media, such as a telephone, cellphone, smartphone, iPhone, Blackberry, smartwatch, computer, the internet, any internet service, any text or instant messaging service, any internet chatroom, blog, or

website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may only discuss this case in the jury room with your fellow jurors during deliberations. All other jurors must be present when you deliberate. So if one of you steps out to use the restroom, you must stop your deliberations until that juror returns.

**3. Unanimous Verdict Required**

I reiterate that your verdict must be unanimous. That is, with respect to each Count, you must all agree as to whether your verdict is guilty or not guilty.

**4. Communications with the Court**

Now, if it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed and dated by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me or any court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court. In your note, do not ever disclose how the jury stands numerically or otherwise on the question of whether

the defendant is guilty or not guilty. Please ask the question as clearly as you can that you need to have answered.

**5. Right to See Exhibits and Have Testimony Read During Deliberations**

You will have most of the exhibits and a list of exhibits received in evidence during the trial in the jury room with you. If you wish to have any portion of the testimony repeated, you may simply indicate that in a note. But please be as specific as possible if you make a request to hear testimony read back. Let us know which exhibit or which part of which specific witness's testimony you want to hear; if you can, provide the name of the witness and subject matter of his or her testimony. Please be patient while we locate it. If you need further instructions on any point of law, you should request that in a note, signed and dated by your foreperson.

**6. Return of the Verdict**

When you all have reached a unanimous verdict, simply send me a note signed and dated by your foreperson that states that you have reached a unanimous verdict. But do not indicate in the note what your verdict is.

To report a verdict, you must be unanimous in all respects, and you must render a verdict for each count with which the defendant is charged in the indictment.

To help you, I have prepared a verdict sheet that may be of

assistance to you in your deliberations. On the verdict sheet are spaces marked "guilty" or "not guilty" for each count. The sheet is in no way intended to indicate how you must deliberate or decide the facts in this case. The foreperson should use a checkmark in the appropriate space indicating either "guilty" or "not guilty" for each count of the indictment and answer all questions on the verdict sheet. The foreperson should also place his or her initials and the date beside each mark on the verdict sheet and should then sign and date the verdict sheet.

**7. Conclusion**

Finally, I want to remind all of you of the oath that you took when you were sworn as a juror at the beginning of this case. Remember in your deliberations that this case is no passing matter for the government or for the defendant. The parties and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest extent your oaths as jurors: to well and truly try the issues of this case and a true verdict render.

Before asking you to retire and begin your deliberations, I will consult with counsel to be certain that I have not overlooked any points.