United States District Court
Eastern District of New York

-----------------------------------X

UNITED STATES OF AMERICA,

- against -

**Memorandum & Order**

No. 24-cr-146(KAM)

JOEL DAVID FORNEY,
also known as "Sirbar,"

Defendant.

-----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

On August 15, 2025, after a five-day trial, a jury found Joel David Forney ("Defendant" or "Forney") guilty of five counts of a superseding indictment charging him with two counts of sex trafficking in violation of 18 U.S.C. § 1591(a) (Counts One and Four), one count of Mann Act Transportation (Count Two), one count of Mann Act Interstate Prostitution (Count Three), and one count of Mann Act Coercion and Enticement (Count Five). On December 18, 2025, the Court denied Mr. Forney's post-trial motions filed by Mr. Forney's trial counsel. (ECF No. 159.) On September 11, 2026, the Court denied Mr. Forney's pro se second motions for a new trial pursuant to Fed. R. Crim. P. ("Rule") 33 based on ineffective assistance of counsel for failure to call certain witnesses and multiple other pro se motions filed by Mr. Forney including a

supplemental motion for a new trial based on *Brady/Giglio* violations, a motion to suppress evidence, a motion to obtain full warrants, and a motion to compel discovery. (ECF No. 225.) Presently before the Court are Mr. Forney's September 14, 2026 motion for a new trial based on *Brady/Giglio* violations (ECF No. 226, "Second Brady Mot.")[1]; motion for disclosure of grand jury materials (ECF No. 227, Motion for Disclosure); and motion for an internet-disabled laptop, (ECF No. 228, "Motion for Laptop", together the "Motions"). On September 25, 2026, the Government filed its opposition to Mr. Forney's Motions. (ECF No. 234, "Opp.".)

For the reasons stated below, Mr. Forney's Motions are respectfully **DENIED**.

## I. Mr. Forney Has Not Established Any Brady/Giglio Violation Warranting a New Trial

Mr. Forney moves for a new trial based on the "withholding of exculpatory evidence," specifically Nicole S., also known as Foxy's, "NS 1-6 3500 material" and Kelsie W.'s "3500 material 1-20," and objects to the "government's use of sentencing factors that directly contradicts the withheld evidence to enhance the [Mr. Forney]'s guidelines under the [PSR]." (Second Brady Mot. at

[1] Mr. Forney has previously filed an untimely motion for a new trial based on other alleged *Brady*/Giglio violations that this Court has already denied. (*See* ECF Nos. 204, 225 at 39-42.)

1, 6; Opp. at 7 n.2.) As an initial matter, Mr. Forney's motion for a new trial was filed more than fourteen days after the jury's guilty verdict and is thus untimely. A Rule 33 "motion for a new trial . . . must be filed within 14 days after the verdict or finding of guilty." Rule 33(b)(2). Mr. Forney offers no reason why his motion should be considered timely. Moreover, Mr. Forney's requests for "resentencing" relief are premature because Mr. Forney's sentencing has not occurred; it is scheduled for November 13, 2026, and Mr. Forney has filed his objections to the Probation Department's Pre-Sentencing Report, (*see* ECF No. 231), which the Court will consider at sentencing. Mr. Forney's Second Brady Motion is thus respectfully denied.

Even if Mr. Forney's Second Brady Motion was timely and the requested sentencing relief was not premature, Mr. Forney's *Brady*/*Giglio* violation allegations are not a basis for a new trial or sentencing relief. "*Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150, require the Government to 'disclose [exculpatory or impeachment] evidence favorable to the accused that is material to guilt.'" *United States v. Pippins*, 733 F. Supp. 3d 136, 156 (E.D.N.Y. 2024) (quoting *United States v. Rittweger*, 524 F.3d 171, 180 (2d Cir. 2008)). "This disclosure obligation extends only as far as information 'that, if suppressed, would deprive the defendant of a fair trial.'" *Id.* (quoting *Rittweger*, 524 F.3d at 180 (citation modified). "To establish a

*Brady/Giglio* violation, then, 'a defendant must show that: (1) the government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice.'" *Id.* (quoting *United States v. Kirk Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018) (citation modified)).

First, Mr. Forney has not identified any *Brady/Giglio* material that the Government failed to produce. On July 28, 2025, the Government produced to Mr. Forney's trial counsel, Murray Singer and Nicholas Hine, material regarding Foxy and Kelsie W. (*See* Opp. at 14, Ex. C at 9, 10.) Second, nothing in the material Mr. Forney identifies is exculpatory or impeaching. (*See* Opp. at 14-15, Ex. D (explaining how 3500-NS-6 is a Missouri car accident report with no exculpatory or impeachment material)). Third, because Mr. Forney has not identified any *Brady* material was suppressed, he has also failed to demonstrate how he was prejudiced by any suppression of *Brady* material. Moreover, the Government did not call Foxy or Kelsie W. to testify at trial, so even if, *arguendo*, the Government failed to produce any *Jencks Act/Giglio* material as to Foxy or Kelsie W., no prejudice exists as to Mr. Forney. *See United States v. Morgan*, 690 F. Supp. 2d 274, 293 (S.D.N.Y. 2010) ("The Government is not required to provide any [*Giglio* or Jencks Acts] information for non-testifying witnesses.").

## II. Mr. Forney's Motion for Disclosure of Grand Jury Materials is Untimely and Without Merit

Mr. Forney moves for an order under Rule "6(e)(3)(E)(ii) directing the government to disclose all grand jury materials, including transcripts, witness testimony, and any other matters occurring before the grand jury, that are material to the preparation of his defense and to potential challenges to the indictment." (Motion for Disclosure at 1.) Mr. Forney also asserts that the "government's failure to disclose Brady and Giglio material including material that may have been presented to the grand jury violates" Mr. Forney's due process rights. (*Id.* at 5.) As an initial matter, for the same reasons as outlined in Section I, Mr. Forney's *Brady/Giglio* arguments are untimely and without merit because Mr. Forney fails to identify what material the Government failed to disclose, how any such material is favorable to him, or how the alleged suppression of such evidence resulted in prejudice to him. *See Pippins*, 733 F. Supp. 3d at 156.

Mr. Forney's motion for disclosure of all grand jury materials and any potential challenge to the indictment is time-barred because "a motion alleging . . . an error in the grand-jury proceeding or preliminary hearing" or "defect in the indictment" "must be made before trial." Rule 12(b)(3). Even if Mr. Forney's motion for disclosure of grand jury testimony was timely, Mr. Forney's motion is without merit because Mr. Forney has failed to

make any showing, much less a showing of a "grossly prejudicial irregularity" that "may warrant dismissal of an indictment" or "some other particularized need or compelling necessity" for grand jury materials. *United States v. Gibson*, 175 F. Supp. 2d 532, 534-35 (S.D.N.Y. 2001) (citation modified); *see also United States v. R. Enterprises*, 498 U.S. 292, 300 (1991) ("[a]bsent a strong showing to the contrary," "the law presumes . . . that a grand jury acts within the legitimate scope of its authority").

## III. There Is No Basis to Provide Mr. Forney an Internet-Disabled Laptop

Mr. Forney also submits a "complaint" alleging that the government "provi[ded] electronic discovery in formats that are inaccessible on the computers available at the Metropolitan Detention Center ("MDC") and requests an internet-disabled laptop. (Motion for Laptop at 3,5.) Mr. Forney alleges that he cannot access iCloud, Zelle, American Express, or Cash App records on the computers at MDC. (*Id.* at 2.) The Government has reviewed such files and represents that they are in standard reviewable file formats including PDF, Excel and HTML. (Opp. at 25.) The Government also confirmed with the MDC legal department that such files are accessible on the MDC computers. The records are designated as Sensitive Discovery Material. (*See id.*) As this Court and the Government have informed Mr. Forney, Mr. Forney may review such material only in the presence of Defense Counsel or

Defense Staff pursuant to the operative Protective Order, but Mr. Forney has access to such records and has approved resources and funds to allow Mr. Forney to review such records. (*See e.g.*, ECF No. 224; 9/10/2026 Minute Entry; ECF No. 225 at 47; ECF No. 184 ¶ 6.) To the extent that Mr. Forney encounters a specific technical issue with a particular file, Mr. Forney should identify the material so that the government, in coordination with stand-by counsel, can address the issue.

Thus, Mr. Forney's request for an internet-disabled laptop is also respectfully denied because he has access to the discovery in this case and relies on inapposite case law where defendants have been granted laptops in different factual and procedural circumstances, such as cases with an impending trial, where such a laptop was found to be necessary before trial. (*See* Opp. at 26-27); *United States v. Khan*, No. 25- CR-63 (PGG), ECF Nos. 30, 31 (S.D.N.Y.) (the Parties jointly sought order for a laptop to prepare for impending trial); *United States v. Kwok, et al.*, No. 1:23-cr-00118 (AT), ECF Nos. 80, 86 (S.D.N.Y. 2023) (laptop provided to review voluminous discovery including in Mandarin Chinese until trial was complete); *United States v. Murray*, No. 24-CR-72 (KPF), ECF No 49. (S.D.N.Y.) (laptop provided for impending trial.) Lastly, Mr. Forney has also failed to demonstrate any actual injury or that he has been denied access to the courts because he has not identified any specific filing or

legal claim that he has been unable to prepare because of any alleged technical issues. *See Lewis v. Casey*, 518 U.S. 343. 351-53 (1996). To the contrary, Mr. Forney has filed, while *pro se*, eleven post-trial motions. (*See* ECF Nos. 172, 193, 202-04, 206, 208, 223, 226-28.) Accordingly, the Court respectfully denies Mr. Forney's motion for an internet-disabled laptop.

**CONCLUSION**

For the reasons set forth above, Mr. Forney's Motions at ECF 226, 227, and 228 are respectfully **DENIED.** By October 14, 2026, Mr. Spilke is respectfully directed to serve this Memorandum & Order on Mr. Forney and note service on the docket.

**So ordered.**

Dated: October 14, 2026
Brooklyn, New York

**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York