United States District Court
Eastern District of New York

-----------------------------------X

UNITED STATES OF AMERICA,

- against -

JOEL DAVID FORNEY,
also known as "Sirbar,"

Defendant.

-----------------------------------X

**Memorandum & Order**

No. 24-cr-146(KAM)

**Kiyo A. Matsumoto, United States District Judge:**

On August 15, 2025, after a five-day trial, a jury found Joel David Forney ("Defendant" or "Forney") guilty of five counts of a superseding indictment charging him with two counts of sex trafficking in violation of 18 U.S.C. § 1591(a) (Counts One and Four), one count of Mann Act Transportation (Count Two), one count of Mann Act Interstate Prostitution (Count Three), and one count of Mann Coercion and Enticement (Count Five). The Court has since granted Mr. Forney considerable opportunity to advance post-trial motions, including one motion represented by counsel and thirteen motions proceeding *pro se*. (*See* ECF Nos. 147, 172-1, 193, 202-204, 206, 208, 223, 226-28, 247, 252.) This Court has already denied Mr. Forney's post-trial motion filed by counsel, as well as twelve of Mr. Forney's *pro se* post-trial motions. (*See* ECF Nos. 159,

225, 243.) Presently before the Court is Mr. Forney's thirteenth *pro se* post-trial motion, filed on October 20, 2026, which includes multiple parts: a motion to compel discovery pursuant to Fed. R. Crim. P. ("Rule") 16, motion for a new trial pursuant to Rule 33, and motion to dismiss the superseding indictment. (ECF No. 247, "Motions" or "Mot.") For the reasons set forth below, Mr. Forney's Motions are respectfully **DENIED**.

**BACKGROUND**

The Court incorporates and assumes familiarity with the facts and procedural history of this case as more fully set forth in *United States v. Forney*, 813 F. Supp. 3d 357 ("*Forney I*")(E.D.N.Y. 2025) (denying Mr. Forney's motion for a new trial filed by trial counsel); *United States v. Forney*, No. 24-cr-146 (KAM), 2026 WL 2676861 ("*Forney II*") (E.D.N.Y. Sep. 11, 2026) (denying Mr. Forney's discovery motions and first *pro se* motion for a new trial); and *United States v. Forney*, No. 24-cr-146 (KAM), ECF No. 243 (E.D.N.Y. Oct. 14, 2026) ("*Forney III*") (denying Mr. Forney's discovery motions and second *pro se* motion for a new trial). The Court briefly summarizes the relevant facts and procedural history below.

On August 15, 2025, after a five-day trial, a jury found Mr. Forney guilty on all counts. On August 18, 2025, the Court set a briefing schedule for post-trial motions. (8/18/25 Dkt. Order.) On September 16, 2025, Mr. Forney, through his trial counsel, filed

a Rule 29 motion for a judgment of acquittal on all counts and, in the alternative, a Rule 33 motion for a new trial. (ECF Nos. 147, 148.) On December 16, 2025, while the Rule 29 and Rule 33 motions were pending, Mr. Forney's trial counsel filed a letter from Mr. Forney requesting an order relieving counsel-of-record. (ECF No. 156-1 at 1-3).

On December 18, 2025, the Court denied Mr. Forney's Rule 29 and Rule 33 motions, *see Forney I*, and ordered the parties to appear for Defendant's sentencing on April 3, 2026, *id.* at 376. On December 19, 2025, the Court rescheduled the sentencing to June 15, 2026, to afford counsel with additional time to prepare sentencing submissions. (12/19/25 Dkt. Order.) On December 22, 2025, the Court granted Mr. Forney's request to relieve his trial counsel and, following a *Faretta* hearing, the Court granted Mr. Forney's request to proceed *pro se* and appointed standby counsel. (12/22/25 Minute Entry.) That same day, the Court ordered Mr. Forney to advise the Court of any post-trial motions he intended to file prior to sentencing. *Id.*

On January 16, 2026, Mr. Forney advised the Court of his intention to file a motion for an acquittal or, in the alternative, a motion for a new trial. (ECF No. 165-1). On January 21, 2026, the Court set a briefing schedule for Mr. Forney's proposed motions. (1/21/26 Dkt. Order). On January 31, 2026, Mr. Forney filed a letter requesting additional time to file his *pro se* post-

trial motions and an adjournment of his sentencing. (ECF No. 168.) On February 2, 2026, the Court granted Mr. Forney's request and adjourned the sentencing until August 20, 2026. (2/2/26 Dkt. Order.) Numerous post-trial motions, extensions, and adjournments followed, which the Court recounts chronologically below.

On February 13, 2026, Mr. Forney filed his first *pro se* motion for a new trial pursuant to Rule 33 asserting ineffective assistance of counsel. (ECF No. 172-1.) On April 21, 2026, Mr. Forney filed a motion to compel Rule 16 discovery, *Brady/Giglio* materials and Rule 3500 material, and asserted a *Napue* violation. (ECF No. 193.) On July 27, 2026, Mr. Forney raised new Rule 33 arguments based on alleged *Brady/Giglio* violations. (ECF No. 204.) That same day, Mr. Forney filed a motion to suppress, alleging that his phone "was seized without a warrant and without any applicable exception" to the warrant requirement, (ECF No. 202), and a motion to "obtain full search warrants," (ECF No. 203.) On August 4, 2026, the Government filed its presentence investigation report ("PSR"). (ECF No. 207). On August 6, 2026, this Court adjourned Mr. Forney's sentencing to October 6, 2026, and set a schedule for the remaining sentencing submissions. (8/6/26 Dkt. Order.)

On August 17, 2026, Mr. Forney filed an emergency motion requesting an extension of "all applicable deadlines," alleging that communication with his standby counsel had broken down. (ECF

No. 217.) On August 19, 2026, the Court held that Mr. Forney did not have any basis to argue that he did not have notice of the upcoming deadlines in this case, because, contrary to Mr. Forney's representation, standby counsel had served Mr. Forney with all relevant orders and filings as directed by the Court. (8/19/26 Dkt. Order.) Nonetheless, the Court granted Mr. Forney's request for an extension to file his sentencing submissions. *Id.* That same day, Mr. Forney filed a motion requesting another extension of time to file his objections to the Government's PSR. (ECF No. 220.) On August 20, 2026, the Court granted Mr. Forney's motion and extended the deadlines for sentencing submissions once more, and, to accommodate the new schedule,[1] adjourned Mr. Forney's sentencing to November 6, 2026. (ECF No. 221.) On August 26, 2026, Mr. Forney filed a supplemental motion to his Rule 33 ineffective assistance of counsel motion. (ECF No. 223.) On September 11, 2026, the Court denied all *pro se* motions pending at the time. *See Forney II*.

On September 14, 2026, Mr. Forney filed another round of post-trial motions, including a second *pro se* motion for a new trial based on other alleged *Brady/Giglio* violations, (ECF No. 226); motion for disclosure of grand jury materials (ECF No. 227); and

---

[1] Mr. Forney was ordered to file any objections to the PSR by September 21, 2026 and any sentencing submissions other than objections to the PSR by October 5, 2026, among other deadlines. (8/20/26 Dkt. Order.)

motion for an internet-disabled laptop, (ECF No. 228.) On September 15, 2026, Mr. Forney filed his objections to the Government's PSR, (ECF No. 231), and on September 29, 2026, the Government filed its response to Mr. Forney's objections, (ECF No. 235). On October 12, 2026, the Government filed its sentencing memorandum. (ECF Nos. 238, 239.) On Octobr 13, 2026, the Court noted that Mr. Forney had failed to meet his deadlines set forth in the August 20, 2026 order, and *sua sponte* granted Mr. Forney another extension to file any sentencing submission and any reply to the Government's sentencing submission. (10/13/26 Dkt. Order.) On October 14, 2026, this Court denied all *pro se* motions pending at the time, *see Forney III*, and noted that Mr. Forney, as of that day, "ha[d] filed, while *pro se*, eleven post-trial motions," *id.* at 8.

Mr. Forney has since filed two additional *pro se* post-trial motions, as well as a request to adjourn sentencing pending those two motions. (*See* ECF Nos. 247, 248, 252.) The Court granted Mr. Forney's request for an adjournment and rescheduled his sentencing to December 10, 2026. (10/21/2026 Dkt. Order.) Presently before the Court is Mr. Forney's *pro se* post-trial motion filed on October 20, 2026, which includes a motion to compel discovery pursuant to Rule 16, motion for a new trial pursuant to Rule 33, and a motion to dismiss the superseding indictment. (*See* Mot.) On October 26, 2026, the Government filed its opposition to Mr. Forney's Motions.

(ECF No. 250, "Opposition" or "Opp.")

## DISCUSSION

### I. Mr. Forney's Motion to Compel Discovery Is Moot and Meritless

Mr. Forney moves for an order compelling the production of the following: (1) "unredacted . . . American Express records identified in discovery as Forney 000049 through 000068" ("American Express Records"); (2) an "unredacted version of the material the government disclosed as 3500-NS-6" (the "Report")[2] that contain "potential[ly] identifying information of Nicole S."; (3) "detailed index and privilege/redaction log identifying the authority for each redaction and each SDM designation"; and (4) an "*in camera* review of the withheld and redacted material . . . and [an] order[] [requiring the] disclosure of all favorable and material portions.[]" (Mot. at 1-2.) In its Opposition, the Government represents that it is producing unredacted copies of the American Express Records and the Report. (Opp. at 1; ECF No. 251.) Mr. Forney's motion to compel discovery was and remains moot. To the extent that Mr. Forney encounters issues with accessing the production, Mr. Forney should identify the material

---

[2] Mr. Forney previously filed a motion to compel discovery of 3500-NS-6 in conjunction with his second *pro se* motion for a new trial. (*See* ECF No. 226 at 1-2.) The Government responded that it already produced 350-NS-6, which, in any event, is a Missouri car accident report with no exculpatory or impeachment material, (ECF No. 234 at 14-15, Ex. D), and the Court denied the motion, (ECF No. 243.)

so that the Government, in coordination with standby counsel, can address the issue.

Even if the motion to compel is not moot, however, Mr. Forney's arguments are without merit. Mr. Forney argues that to the extent that the Government redacted the American Express Records and the Report to protect personally identifying information ("PII"), the Government was "required to seek a protective order that preserved disclosure of the substance" under Rule 16(d)(1). (Mot. at 4.) Contrary to Mr. Forney's implication that no protective order was entered in this case, on July 1, 2024, this Court granted the Government's motion for a protective order with the consent of Mr. Forney's then-trial counsel. (ECF Nos. 17, 18; 7/1/2024 Dkt. Order.) On February 18, 2026, the Court entered a revised protective order in light of Mr. Forney's *pro se* status, (ECF Nos. 173, 174), and on March 10, 2026, another revised protective order in light of Mr. Forney's appointed standby counsel, (ECF Nos. 183, 184.) Mr. Forney consented to both revised protective orders. (ECF Nos. 173 at 1; 183 at 1.) In its Opposition, the Government represents that it designated the American Express Records and the Report as "Sensitive Discovery Material" ("SDM")[3] pursuant to the protective order and redacted

---

[3] Under the protective order in this case, "[a]ny documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government . . . that such materials contain: identifying information for any potential witness, victim or individual not a party to this

"only personal identifying information," including victim PII. (Opp. at 1-2.) Courts routinely enter protective orders that protect the privacy interests in PII. *See United States v. Baker*, 26-cr-9 (PGG), 2026 WL 948214, at *4-5 (S.D.N.Y. Apr. 7, 2026) ("It is well settled that good cause may be found for the issuance of a protective order under Rule 16(d)(1) in order to protect the privacy interests of victims, witnesses, and other third parties."); *see also United States v. Baker*, 20-cr-288 (LJL), 2020 WL 4589808, at *3 (S.D.N.Y. Aug. 10, 2020) ("[r]edacting documents . . . is one of the more prevalent aspects of "modern law practice"); 18 U.S.C. § 3771(a)(8) (affording every victim "[t]he right to be treated with fairness and with respect for the victims dignity and privacy"). Mr. Forney's argument that the Government should have sought a protective order therefore is meritless.

Mr. Forney argues in the alternative that a redaction log and an *in camera* review of the American Express Records and the Report are required pursuant to *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). (Mot. at 1, 4.) *Ritchie* is inapposite. In that case, a criminal defendant convicted by a jury sought an *in camera* review and disclosure of an investigation file protected by a state

---

litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order." (ECF No. 184 at 3.)

statute. *Ritchie*, 480 U.S. at 43, 57-58. The Supreme Court held that the defendant was entitled to an *in camera* review of the investigation file to "determine whether it contains information that probably would have changed the outcome of his trial," in part because the state statute prohibited both parties from reviewing it. *Id.* 57-59. That is not the case here. Neither the American Express Records nor the Report was redacted pursuant to a statute; the Government has already reviewed and represented that the redactions were made to protect PII. (Opp. at 1-2.) Moreover, as explained in the following section, the redacted information in the American Express Records and the Report is not material. *Ritchie* therefore does not support Mr. Forney's request for a redaction log or an *in camera* review.

In sum, Mr. Forney's motion to compel was and remains moot, because the Government produced the requested materials prior to trial and is now reproducing them upon Mr. Forney's request. Even if the motion were not moot, the redactions were properly made pursuant to the protective order in this case. The Court further holds that neither a redaction log nor an *in camera* is required under applicable law. The Court therefore respectfully denies Mr. Forney's motion to compel discovery.

## II. Mr. Forney's Motion for a New Trial Is Untimely and Meritless

Mr. Forney moves for a new trial pursuant to Rule 33 based on

alleged *Brady/Giglio* violation and "newly discovered evidence." (Mot. at 1, 4.) For the following reasons, this Court denies Mr. Forney's motion for a new trial.

### A. Mr. Forney Has Not Established Any *Brady/Giglio* Violation Warranting a New Trial

Mr. Forney moves for a new trial alleging that the Government's redaction of the American Express Records and the Report was a *Brady/Giglio* violation, and requests the Court to preclude the Government from "relying at sentencing on the witness statements and financial theories it withheld[.]" Mot. at 1, 3–4. As an initial matter, Mr. Forney's current Motion was filed more than fourteen days after the jury's guilty verdict and is thus untimely. A Rule 33 "motion for a new trial . . . must be filed within 14 days after the verdict or finding of guilty." Rule 33(b)(2). Mr. Forney "requests that the time to move be extended . . . for the period during which" the American Express Records and the Report were redacted but fails to explain why such an extension should be granted. (Mot. at 4–5.) The American Express Records were available to the Defendant as of June 21, 2024, and the Report was available to the Defendant as of July 28, 2025. (Opp. at 2.) Mr. Forney offers no reason that the redactions could not have been challenged during discovery or during the permissible time period under Rule 33(b)(2). (*See* ECF No. 184 at 3–4) (protective order explaining the process for challenging an SDM

designation.) Mr. Forney's *Brady/Giglio* motion is thus respectfully denied.

Even if Mr. Forney's *Brady* motion were timely, Mr. Forney's allegations of *Brady/Giglio* violation are not a basis for a new trial. "*Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), require the Government to 'disclose [exculpatory or impeachment] evidence favorable to the accused that is material to guilt.'" *United States v. Pippins*, 733 F. Supp. 3d 136, 156 (E.D.N.Y. 2024) (quoting *United States v. Rittweger*, 524 F.3d 171, 180 (2d Cir. 2008)). "This disclosure obligation extends only as far as information 'that, if suppressed, would deprive the defendant of a fair trial.'" *Id.* (quoting *United Rittweger*, 524 F.3d at 180)(citation modified)). "To establish a *Brady/Giglio* violation, then, 'a defendant must show that: (1) the government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice.'" *Id.* (quoting *United States v. Kirk Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018) (citation modified)). Mr. Forney fails to establish any of these elements.

First, Mr. Forney has not identified any evidence the Government suppressed. As explained above, both the American Express Records and the Report were produced to the Defendant prior to trial. (Opp. at 2.) Mr. Forney's failure to timely challenge

the redactions pursuant to the protective order undermines his claim of suppression of evidence. *See United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) ("Evidence is not 'suppressed' if the defendant either knew or should have known of the essential facts permitting him to take advantage of any exculpatory evidence.") (internal citations omitted).

Second, nothing in the American Express Records and the Report is exculpatory or impeaching. As to the American Express Records, Mr. Forney argues that the redacted information is exculpatory, because the unredacted American Express Records allegedly "corroborate" Mr. Forney's testimony at trial that "finances were shared." Mot. at 3. Mr. Forney also argues that the unredacted American Express Records are impeaching, because the "defense could have used the underlying records to impeach the witnesses who took the stand, including witnesses whose testimony described Mr. Forney as the exclusive recipient of the proceeds." (Mot. at 3.) But Mr. Forney fails to explain how such information, even if true, is favorable to the Defendant or material to guilt. *See Pippins*, 733 F. Supp. 3d at 156; *United States v. Schlesinger*, 439 F. Supp. 2d 255, 257 (E.D.N.Y. 2006) ("Information is material under *Brady* 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'") (quoting *Ritchie*, 480 U.S. at 57)). As to the Report, this Court has already held that

nothing in the Report is exculpatory or impeaching. (*See* ECF No. 243 at 4.)

Third, because Mr. Forney has not identified any *Brady/Giglio* material that was suppressed, he has also failed to demonstrate how he was prejudiced by any suppression of *Brady/Giglio* material. The Court therefore respectfully denies Mr. Forney's third *pro se* *Brady/Giglio* motion. To the extent that Mr. Forney requests the Court to preclude the Government from "relying at sentencing on the witness statements and financial theories it withheld," (Mot. at 1), the Court finds no factual or legal basis to grant this request at this stage, *see United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) ("In deciding upon a sentence, a district court has the discretion to rely on the wide array of facts before it, including information set forth in the pre-sentence report, as well as evidence that would not be admissible at trial, so long as the defendant is given an opportunity to contest the accuracy of that information.")

**B. Mr. Forney Has Not Identified Any Newly Discovered Evidence Warranting a New Trial**

Mr. Forney also argues that he is entitled to a new trial pursuant to Rule 33 "based on newly discovered evidence." (Mot. at 1, 4.) "A new trial pursuant to Rule 33 based on newly discovered evidence may be granted 'only upon a showing that the evidence could not with due diligence have been discovered before

or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal.'" *United States v. Owen*, 500 F.3d 83, 87 (2d Cir. 2007) (quoting *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir. 1980)). "A motion for a new trial based on 'newly discovered evidence' is not favored, and a district court may grant the motion only in the most extraordinary circumstances." *United States v.* Siraj, 468 F. Supp. 2d 408, 423 (E.D.N.Y. 2007) (quoting *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir. 1999)). Mr. Forney has not identified any such "new evidence." As explained above, the Government produced the American Express Records and the Report prior to trial. (*See* Opp. at 2). The Court therefore respectfully denies Mr. Forney's request for a new trial based on new evidence. *See Owen*, 500 F.3d at 89 ("We have never before held that a new trial may be granted pursuant to Rule 33 on the basis of evidence that was known by the defendant prior to trial, but became newly available after trial, and we decline to do so here.").

**III. Mr. Forney's Request to Dismiss the Superseding Indictment Is Meritless**

Mr. Forney requests, "[a]s a final sanction," the dismissal of the superseding indictment under the Court's "supervisory authority," citing to *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988). (Mot. at 2, 4.) But nothing in that case warrants such a result here. In *Bank of Nova Scotia*, the Supreme Court held

that a district court "may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." 487 U.S. at 254. Mr. Forney fails to identify any errors in the grand jury proceeding, and even if, assuming *arguendo*, any errors occurred, there was no prejudice as to Mr. Forney. *See Bank of Nova Scotia*, 487 U.S. at at 255 ("We held that '[s]upervisory power to reverse a conviction is not needed as a remedy when the error to which it is addressed is harmless since, by definition, the conviction would have been obtained notwithstanding the asserted error.'") (quoting *United States v. Hastings*, 461 U.S. 499, 506 (1983)); *see also United States v. Plaza*, 826 Fed. App'x 60, 62 (2020) ("We have held that dismissal of an indictment following a conviction is an extraordinary remedy . . . warranted only when the prosecutor's conduct amounts to a knowing or reckless misleading of the grand jury as to an essential fact[.]") (internal quotations and citations omitted). The Court therefore respectfully denies Mr. Forney's request to dismiss the indictment.

## CONCLUSION

For the reasons set forth above, Mr. Forney's Motions are respectfully **DENIED**. The Court notes that to date, Mr. Forney has filed thirteen *pro se* post-trial motions, including three motions for a new trial and a series of post-trial discovery motions. (*See* ECF Nos. 172-1, 193, 202-204, 206, 208, 223, 226-28, 247, 252.)

The Court has yet to receive Mr. Forney's sentencing submission, which, after multiple extensions, was due November 3, 2026. (*See* 10/21/2026 Dkt. Order.) The Court grants Mr. Forney another extension to file any sentencing submission. By **November 20, 2026,** Mr. Forney shall file any sentencing submission and any response to the Government's sentencing submission. The Court encourages Mr. Forney to timely file his sentencing submission as any further extensions are unlikely to be granted. Briefing of any additional post-trial motions is closed. The Court confirms Mr. Forney's sentencing remains set for **December 10, 2026 at 10:00 a.m.** Lastly, the Court notes that as of the date of this order, there is no pending appeal before the Second Circuit. Any direct appeal to the Second Circuit may be filed fourteen days after Mr. Forney is sentenced and final judgment is entered.

Standby counsel, Mr. Spilke, is respectfully requested to serve Mr. Forney with a copy of this Memorandum and Order and note service on the docket by close of business on Friday, November 6, 2026.

**So ordered.**

Dated: November 5, 2026
Brooklyn, New York

**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York